UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEANGELIS DIAMOND CONSTRUCTION, LLC, | ) ) ) |
| Plaintiff/Counter Defendant, | ) ) |
| v. | ) ) ) |
| ROGERS MANUFACTURING CORP., | ) ) |
| Defendant/Counter Plaintiff. | ) ) |

Case No. 3:21-cv-00822
Judge Aleta A. Trauger

# ORDER

DeAngelis Diamond Construction, LLC ("DDC") has filed a Motion in Limine No. 1 to Exclude Testimony of Defendant's Proffered Expert Dr. Jerry L. Householder (Doc. No. 59), to which Rogers Manufacturing Corp. ("RMC") has filed a Response (Doc. No. 72). DDC asks the court to exclude the expert testimony of Dr. Householder, a civil engineer and former professor, who has developed an estimate of the materials necessary to complete the DDC construction project at issue in this case. (*See* Doc. No. 59-1.) RMC provided materials for the project pursuant to the parties' contract, but DDC claims that the quantity of materials provided was insufficient. RMC disagrees and argues that, if DDC was unable to finish its project with the quantity of materials provided, then there must be some other explanation—for example, that DDC diverted materials to other projects or had an unreasonable rate of material waste.

DDC "does not . . . dispute Dr. Householder's qualifications to testify to the opinions he set forth in his expert report." (Doc. No. 60 at 2.) Rather, DDC argues that Dr. Householder's estimate is "irrelevant to defining [RMC's] obligations" in light of this court's prior holding that the contract entitled DDC to receive "'the materials that would actually, reasonably be needed'"

by the project, as represented in the contract documents and change orders. (Doc. No. 59 at 2 (quoting Doc. No. 54 at 14).)

Dr. Householder's testimony, however, is plainly relevant to the question of whether the materials that RMC provided were less than what was "actually, reasonably" needed. If the jury credits Dr. Householder's opinion and concludes that the quantity of materials that RMC provided was sufficient, then the jury could reasonably infer either that some materials were diverted or that DDC was unreasonably wasteful. If materials were diverted or unreasonably wasted, then that would negate DDC's core contention in this case—that its failure to complete the project with the materials that RMC provided is, in and of itself, evidence that RMC did not supply enough. Dr. Householder's evidence is, therefore, highly relevant.

DDC's Motion in Limine No. 1 to Exclude Testimony of Defendant's Proffered Expert Dr. Jerry L. Householder (Doc. No. 59) is **DENIED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge