UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DEANGELIS DIAMOND CONSTRUCTION, LLC,** )<br>)<br>) | |
| **Plaintiff/Counter Defendant,** )<br>) | |
| v. ) | Case No. 3:21-cv-00822 |
| ) | Judge Aleta A. Trauger |
| ) | |
| **ROGERS MANUFACTURING CORP.,** ) | |
| ) | |
| **Defendant/Counter Plaintiff.** ) | |

## ORDER

DeAngelis Diamond Construction, LLC ("DDC") has filed a Motion in Limine No. 2 to Exclude Rogers Manufacturing Corp.'s Master Materials List and Related Testimony (Doc. No. 61), to which Rogers Manufacturing Corp. ("RMC") has filed a Response (Doc. No. 73). The Master Materials List was an early estimate of the materials that RMC believed to be necessary for the completion of DDC's project. Earlier in this litigation, RMC argued that the Master Materials List should be treated as a binding representation of the quantity of materials purchased. The court rejected that argument as inconsistent with the parties' contract, which did not incorporate the Master Materials List. The court, however, made no holding regarding the admissibility or general relevance of the List.

Some of the arguments that RMC has made in favor of admitting the Master Materials List in its Response are, as DDC predicted, inconsistent with the court's earlier ruling and with the parol evidence rule. For example, RMC's suggestions that it can offer the Master Materials List as "the very manifestation of what the parties intended" in signing the agreement or as "evidence as to what loose lumber was to be supplied under the" agreement are inconsistent with

the court's holding that the Master Materials List was not binding or part of the contract. (*See* Doc. No. 73 at 6–7.)

Those potentially improper purposes, however, do not negate the plain relevance of the Master Materials List to explaining the basics of this case to the jury. For one thing, the Master Materials List is relevant to determining what quantity of materials was actually provided by RMC. The testimony of RMC's Rule 30(b)(6) witness regarding what was provided discussed the issue specifically in reference to the List, explaining that RMC "supplied everything on our original breakdown and about 13 percent more." (Doc. No. 46-3 at 58.) More broadly, it is simply impossible to ignore the role that the Master Materials List played in the facts leading up to the impasse between the parties. Although DDC is correct that the List is not binding and cannot alter the contract, neither of those facts defeats relevance. Nor is there any improper risk of confusing the jury, which can be instructed regarding the fact that the Master Materials List was not part of the contract, if necessary. If anything, it would be significantly more confusing to try to explain these events to the jury without acknowledging the Master Materials List.

DDC's Motion in Limine No. 2 to Exclude Rogers Manufacturing Corp.'s Master Materials List and Related Testimony (Doc. No. 61) is, therefore, **DENIED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge